**UNITED STATES**

v.

**Technical Sergeant Kenneth J. MARSH, FR 241–78–3980 United States Air Force.**

**ACM 24905.**

U.S. Air Force Court of Military Review.

29 Nov. 1985.

———

Appellate Counsel for the accused: Colonel Leo L. Sergi and Major Charles E. Ambrose, Jr.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Major David F. Barton and Major G. Michael Lennon, USAFR.

Before HODGSON, FORAY and MICHALSKI Appellate Military Judges.

DECISION

PER CURIAM:

Appellant was convicted, contrary to his pleas, of willful dereliction in the performance of his duties in violation of Art. 92 U.C.M.J., 10 U.S.C. § 892. The specification of which he was convicted states:

Specification: In that TECHNICAL SERGEANT KENNETH J. MARSH, United States Air Force, 32d Tactical Fighter Squadron, at or near Camp New Amsterdam, The Netherlands, from about 1 January 1983 to about 6 April 1984, was derelict in the performance of his duties in that he willfully failed to counsel and correct subordinates concerning their illegal drug abuse and willfully failed to report those subordinates' illegal drug abuse to proper authority, as it was his duty to do.

This specification differs from the sample pleading contained in the M.C.M. 1984, Part IV, para 16f(4), which includes the element of knowledge of duties. When alleging a willful dereliction prior to 1 August 1984, the sample specification contained in the then applicable M.C.M., 1969 (Rev.), Appendix 6c, Article 92, did not require pleading the element of knowledge. By Executive Order 12473 the President rescinded the Manual for Courts-Martial 1969, effective 1 August 1984, and contemporaneously ordered that Manual for Courts-Martial 1984 take effect on 1 August 1984. This Executive Order states in part that:

> nothing in Part IV of this manual shall be construed to invalidate the prosecution of any offenses committed before the effective date of this Manual; Provided further, *That the maximum punishment for an offense committed prior to August 1, 1984, shall not exceed the applicable limit in effect at the time of the commission of such offense;* Provided further, That for offenses committed prior to August 1, 1984, for which a sentence is adjudged on or after August 1, 1984 if the maximum punishment authorized in this Manual is less than previously authorized, *the lesser maximum authorized punishment shall apply . . .* (Emphasis added)

The alleged offense in this case occurred prior to 1 August 1984.

The pleading of the specification *sub judice* was therefore proper, the addition of the element of knowledge was unnecessary and if added would be surplusage.

The approved sentence pertaining to a bad conduct discharge exceeds the permissible imposable maximum punishment provided for under the M.C.M. 1969 (Rev.), paragraph 127c, Section A, Table of Maximum Punishments. The findings of guilty are affirmed. The sentence is set aside and a rehearing thereon is ordered.